Dear Mr. David:
You have asked this office if a municipal police officer may run for, and if elected, serve as constable and retain his employment as police officer? In general, a police department employee may run for elective office, during his off-duty hours, where his campaign activities are not in violation of department rules and regulations. Please note this opinion is limited to an examination of the Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq.; and does not address the application of any civil service rules and regulations which might be applicable in this matter. In some jurisdictions civil service rules would prevent a police officer in the classified service from engaging in political activity. For further information regarding civil service rules, please contact the Office of the State Examiner, Municipal Fire and Police Civil Service, 8550 United Plaza Blvd., Suite 901, Baton Rouge, LA 70809, phone 225-925-4400.
There is no violation of the dual officeholding provisions concerning the simultaneous holding of these positions. This office has previously concluded that R.S. 42:63(D)[1] does not prohibit one from holding full-time employment as a municipal police officer while holding the elective office of constable. See Attorney General Opinions 97-214 and 94-609, copies attached.
While R.S. 42:63(D) prohibits an elected official from holding employment in the same political subdivision in which he holds elective office, the language of the statute does not prohibit an elected official from holding employment in a *Page 2 
separate political subdivision as defined by R.S. 42:62(9).[2] The political subdivision of a constable is the ward from which he is elected, as opposed to the municipality in which he holds employment as a police officer. Thus, the prohibition of R.S. 42:63(D) does not prevent the concurrent holding of these positions.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:63(D) states:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
[2] R.S. 42:62(9) states:
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
OPINION NUMBER 97-214
78 DUAL OFF1CEHOLDING
LSA-R.S. 42:63(D)
Constable may hold full-time employment as municipal police officer.
Cpl. Benny Garcia, Jr. Abita Springs Police Department P.O. Box 1023 Abita Springs, Louisiana 70420
Dear Cpl. Garcia:
In response to your inquiry of recent date, note that it is permissible for an individual to hold full-time employment as a municipal police officer while holding the local elective office of constable. Provisions of the dual officeholding law governing this matter, particularly LSA-R.S. 42:63(D), prohibit an elected official from holding "employment. . . . in the same political subdivision in which he holds an elected office". As the political subdivision of a constable is the ward from which he is elected, as opposed to the municipality in which he holds employment, the prohibition of LSA-R.S. 42:63(D) is inapplicable.
Further, please note that we attach copies of recently released Attorney General Opinions 97-76 and 97-405 should the issues addressed therein arise. For purposes of dual officeholding and dual employment, note that a deputy sheriff holds appointive office, while a municipal police officer is considered a municipal employee. For that reason, the prohibition of LSA-R.S. 42:63(D) (discussed at length in the referenced opinions, attached) is inapplicable.
Should you have other questions, please contact this office.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams
OPINION NUMBER 94-609
78 OFFICERS-Dual Officeholding
LSA-R.S. 42:63
Constable may bold full-time employment as municipal police officer.
Honorable Gary P. Presswood Chief of Police P.O. Box 428 Blanchard, LA 71009
RICHARD P. IEYOUB, Attorney General
Dear Chief Presswood:
In response to your inquiry of recent date, note that it is permissible for an individual to hold full-time employment as a municipal police officer while holding the local elective office of constable. The provisions of the dual officeholding law governing this matter, particularly LSA-R.S. 42:63(D), prohibit an elected official from holding "employment . . . in the same political subdivision in which he holds an elective office". As the political subdivision of a constable in the ward from which he is elected, as opposed to the municipality in which he holds employment, the prohibition of LSA-R.S. 42:63(D) is inapplicable.
Should you have other questions, please contact this office.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams